IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Luis Beltran Sanchez, <u>et al.</u>,

**Plaintiffs**

v.    CIVIL NO. 97-2533 (JAG)

The Wesleyan Church Corp., <u>et al.</u>,

**Defendants**

## OPINION AND ORDER

Plaintiff Luis Beltrán Sánchez (hereinafter "Beltrán"), his wife, and their conjugal partnership, filed this diversity lawsuit against defendant the Wesleyan Church Corporation (hereinafter "Wesleyan Church") as a result of Beltrán's termination as pastor of the Caparra Terrace Church in Río Piedras, Puerto Rico, sometime in October of 1996. In the complaint Beltrán brings forth several state law claims, such as: a claim for unjust termination and severance pay, a claim for unpaid salary and vacation, a claim for libel, and a generalized claim regarding his pension and/or retirement fund. Currently pending before this Court is defendant Wesleyan Church's motion for summary judgment[1] based mostly on

---

[1] Wesleyan Church filed its motion for summary judgment on January 10, 2000 (Docket No. 45), and a memorandum in support of the same. (Docket No. 49.) Plaintiff Beltrán filed his opposition on March 6, 2000. (Docket No. 53.) Thereafter, defendant filed a reply on April 14, 2000. (Docket No. 57.)

AO 72A
(Rev. 8/82)

Civil No. 97-2533 (JAG) 2

jurisdictional grounds. (Docket No. 45.)

## SUMMARY JUDGMENT STANDARD

Rule 56(c), of the Federal Rules of Civil Procedure, sets forth the standard for ruling on summary judgment motions: The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The critical question is whether a genuine issue of material fact exists. A genuine issue exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. Morris v. Government Dev. Bank of Puerto Rico, 27 F.3d 746, 748 (1st Cir. 1994); LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993), cert. denied, 511 U.S. 1018 (1994). A fact is material if it might affect the outcome of the suit under the governing law. Morrisey v. Boston Five Cents Sav. Bank, 54 F.3d 27, 31 (1st Cir. 1995); Maldonando Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). On a motion for summary judgment, the court must view all evidence and related inferences in the light most favorable to the nonmoving party. See Springfield Terminal Ry. v. Canadian Pac. Ltd., 133 F.3d 103, 106 (1st Cir. 1997). Nonetheless, the court is free to "ignore 'conclusory allegations, improbable inferences and

Civil No. 97-2533 (JAG)                                                     3

unsupported speculation.'" Súarez v. Pueblo International, Inc., 229 F.3d 49, 53 (1st Cir. 2000) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)).

In order to aid the Court in the daunting task of searching for genuine issues of material fact in the record, this district adopted Local Rule 311.12. (See, e.g., Corrada Betances v. Sea-Land Service, Inc., 248 F.3d 40, 43-44 (1st Cir. 2001); Morales v. Orssleff's EFTE, 246 F.3d 32, 33-35 (1st Cir. 2001); Ruiz Rivera v. Riley, 209 F.3d 24, 27-28 (1st Cir. 2000). This rule, requires, in relevant part, that a party moving for summary judgment submit, in support of the motion, "a separate, short concise statement of material facts as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, properly supported by specific reference to the record." D.P.R.R. 311.12. Compliance with Local Rule 311.12 is critical, given that the Court will only consider the facts alleged in the 311.12 statements when entertaining the movant's arguments. See Rivera de Torres v. Telefónica de Puerto Rico, 913 F.Supp. 81 (D.P.R. 1995).

Wesleyan Church submitted a proper 311.12 statement along with its motion for summary judgment. (Docket No. 49.) Beltrán, in turn, contemporaneously submitted two separate documents: one of them is his own designation of uncontested facts, while the other is an opposition to defendant's 311.12 statement. (Docket No.

Civil No. 97-2533 (JAG)                                                    4

53.) Most of the facts contained in Beltrán's inadequate 311.12 statement are immaterial to the issue of whether or not this Court has jurisdiction over this matter.

### FACTUAL BACKGROUND

Wesleyan Church is a non-profit corporation organized and existing under the laws of the state of Indiana. The local church where Beltrán was a pastor, in turn, Iglesia Evangelica Wesleyana, Distrito de Puerto Rico, Inc. (hereinafter "IEW of Puerto Rico"), is a domestic non-profit corporation organized and existing under the laws of the Commonwealth of Puerto Rico since August 13, 1987. (Docket No. 49, Exhibits 1-4.)

The IEW of Puerto Rico is governed by a body of rules and procedures known as "Manual de Gobierno de la Iglesia Wesleyana" of 1983 applicable to affiliated churches in Latin America and Puerto Rico. (Id., Exhibits 17, 21 and 22.)

The governing authority of the IEW of Puerto Rico is the Board of Administration, which is presided by the District Superintendent. The IEW of Puerto Rico manages and supervises fifteen (15) local churches. Those churches, in turn, have boards of directors managing their day-to-day operations. Among those churches is the Wesleyan Church of Caparra Terrace. (Docket No. 49, Exhibit 15 at 22-30).

Plaintiff Beltrán became a licensed pastor with the Wesleyan Church of Caparra Terrace in 1979. As pastor, he acted as

Civil No. 97-2533 (JAG) 5

administrator and presided over the church's Board of Directors. (Docket No. 49, Exhibits 19 and 22.) The record shows that the local church determines, upon agreement with its pastor, what salary and fringe benefits he will receive. Such an agreement, however, needs to be approved by the District Board Administration. The salary and fringe benefits are paid to the pastor from the local church's account. (Docket No. 49, Exhibit 15 at 27-29 and Exhibit 19 at 36-47.)

On October 22, 1996, the District Board of Administration for the IEW of Puerto Rico,[2] voted unanimously to relieve Beltrán of his pastoral duties at the Caparra Terrace Church upon recommendation of Reverend Sarah Pérez, District Superintendent. (Docket No. 49, Exhibit 6.) The record shows that the decision to relieve Beltrán of his position was an administrative decision taken solely by the local District Board of the IEW of Puerto Rico. There is no evidence, other than Beltrán's self-serving allegations, linking Wesleyan Church to the aforementioned decision of the local District Board. (Docket No. 49, Exhibit 21.)

It is undisputed that Beltrán refused to accept the Administrative Board's decision and continued to conduct pastoral

---

[2] Among the functions of the District Board of Administration is that of relieving a pastor of his duties by a two-thirds vote of its members. In the same manner, the District Superintendent may recommend to the District Board the removal of a pastor when it is in the best interest of the local church. (Docket NO. 49, Exhibit 22, Chapter IV, Section 287 and 292.)

business as usual.³ (Docket No. 49, Exhibits 10 and 11.) Ultimately, Wesleyan Church filed an injunction in the San Juan Superior Court to have Beltrán vacate the church premises. Wesleyan Church filed this action because it held the title to the real property where the Caparra Terrace Church is located. (Docket No. 49, Exhibit 21.) Thereafter, on April 1997 Beltrán founded a church called "Iglesia de Roca Eterna."

## ANALYSIS

Once jurisdictional allegations are challenged, the party asserting diversity, in this case Beltrán, has the ultimate burden of establishing those allegations with competent proof. See Media Duplication S, Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1235 (1st Cir. 1991); see also, University of Rhode Island v. A.W. Chesterton Co., 2 F.3d 1200, 1213 (1st Cir. 1993). The real party in interest determines the existence of diversity jurisdiction. See Morales-Tirado v. Hilton Int'l Co., 783 F.Supp. 722 (D.P.R. 1992)(citing Navarro Savings Association v. Lee, 446 U.S. 458 (1980)); Walpa Constr. Corp. v. Mobile Paint Mfg. Co., Inc., 701 F.Supp. 23, 28 (D.P.R. 1988)).

---

³ Beltrán's disregard for the Board's decision prompted certain actions by the Board in an effort to protect the Caparra Terrace church's interests. For example, the District Superintendent wrote a letter to Banco Popular on January 31, 1997, informing the bank that pastor Beltrán was no longer authorized to sign checks for the church's accounts since he had been relieved of his duties. (Docket No. 49, Exhibit 13.)

The record supports Wesleyan Church's contention that it is a legal entity separate from the IEW of Puerto Rico, and that the IEW Administrative Board was Beltrán's employer and the entity responsible for the decision to relieve him of his duties as pastor of the Caparra Terrace Church. Beltrán has failed to present any competent evidence[4] in support of his blanket allegation that Wesleyan Church was his employer, or that it had anything to do with the Administrative Board's decision to relieve him of his duties as pastor of the Caparra Terrace Church.

Since the record contains no evidence supporting Beltrán's contention that Wesleyan Church ever was his employer or was responsible for the decision to dismiss him as pastor of the Caparra Terrace Church, the Court lacks jurisdiction over the complaint's state law claims. The facts support Wesleyan Church's contention that the local IEW of Puerto Rico is the real party in interest here. As a result, there is no diversity between the parties.

In his opposition to the motion for summary judgment, Beltrán for the first time hints at a plausible ERISA claim. He fails, however, to present any competent evidence showing the existence of

---

[4] In an effort to support his contention that Wesleyan Church is his employer, Beltrán proffered his ordination certificate, which was signed by O.D. Emery of the World Headquarters of the Wesleyan Church in 1982. (Docket No. 53, Exhibit 4.)

Civil No. 97-2533 (JAG)                                                        8

an ERISA pension plan of which he was a participant, or identifying any violation by Wesleyan Church regarding an ERISA plan.

An additional reason warranting dismissal of this action is the well-established principle that courts are not the proper forum to decide matters of ecclesiastical concern. See Bryce v. Episcopal Church in the Diocese of Colorado, 121 F.Supp.2d 1327, 1336 (D. Colo. 2000). Beltrán argues that the Court has the authority to resolve the present lawsuit because it involves matters of purely secular origin. His contention is misguided.[5] "A church's selection of its own clergy is [a] core matter of ecclesiastical self-governance with which the state may not constitutionally interfere." Bollard v. California Province of the Society of Jesus, 196 F.3d 940, 946 (9th Cir. 1999)(citing Serbian Eastern Orthodox Diocese v. Milivojevich, 426 U.S. 696, 717 (1976)); Kedroff v. St. Nicholas Cathedral of the Russian Orthodox Church of N.A., 344 U.S. 94, 116 (1952); Gonzalez v. Roman Catholic Archbishop of Manila, 280 U.S. 1, 16 (1929). See also Rayburn v. General Conf. of Seventh-Day Adventist, 772 F.2d 1164, 1169 (4th Cir. 1985); Williams v. Episcopal Diociese of Mass., 766 N.E.2d 820, 823 (2002).

---

[5] Beltrán's reliance on Diaz v. Col. Nuestra Sra. del Pilar, 123 D.P.R. 765 (1989) is inapposite since that case concerns a contract between a teacher and a catholic school, rather than a church's selection of its own representative, i.e., its pastor.

## CONCLUSION

In view of the aforementioned, the Court **GRANTS** Wesleyan Church's motion for summary judgment. (**Docket No. 45.**) The case is therefore **DISMISSED** in its **ENTIRETY**. Judgment will enter accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of July, 2002.

_____
JAY A. GARCIA-GREGORY
United States District Judge